UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WALTER J. ROACHE,

                Plaintiff,

     v.                                             9:18-CV-0825
                                                        (GLS/ATB)

BRIAN FISCHER et al.,

                Defendant(s).

---

APPEARANCES:

WALTER J. ROACHE
Plaintiff, pro se
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Plaintiff Walter Roache commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims related to his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and the New York State Office of Mental Health (OMH). Dkt. No. 1 ("Compl."). In a Decision and Order filed on August 16, 2018 (the "August Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 3. Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the Court severed and transferred claims that arose at Fishkill Correctional Facility ("Fishkill C.F.") against defendants Superintendent William Connell and Fishkill C.F. FOIL Officer John Doe to the Southern

District of New York.  *Id.* at 7-9.   The Court reviewed the remaining allegations and dismissed the following, without prejudice: (1) constitutional claims related to FOIL requests; (2) First Amendment access-to-court claims related to a 2012 jury trial; and (3) equal protection claims.  *Id.* at 15.  The Court directed defendants Brian Fisher, Susan Connelly, Oneida Correctional Facility FOIL Officer John Doe, Chad Powell, Anne Marie T. Sullivan, Jeffery Nowicki, and Sal Licari to respond to the following claims: (1) First Amendment access-to-the-courts claims related to the 2015 jury trial; and (2) due process claims.  *Id.*  Plaintiff was advised that, if he wished to pursue any claim that was dismissed without prejudice, an amended complaint would replace the original pleading.[1]  Compl. at 15.

Presently before the Court is Plaintiff's motion for reconsideration of portions of the August Order.[2]  Dkt. No. 5.

## II.    DISCUSSION

A court may reconsider a previous ruling if:  (1) there is an intervening change in the controlling law; (2) new evidence comes to light that was not previously available; or (3) it is necessary to remedy a clear error of law or prevent manifest injustice.  *See Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983).  The standard for granting a motion for reconsideration is strict and should not be granted where the party seeks to relitigate an issue already decided.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for consideration is not an opportunity for the litigant to take a "second bite at the apple."  *Sequa Corp. v. GBJ Corp.*,

---

[1]  Plaintiff did not file an amended complaint.

[2]  On August 20, 2018, summonses were issued.  Dkt. No. 4.  Defendants have not acknowledged service or filed an answer.

156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration of the August Order to recognize and require a response to all claims against all named defendants. Dkt. No. 5 at 13-14. Plaintiff does not argue that there has been an intervening change in the controlling law or that he has discovered new evidence. Plaintiff does not provide any new facts, but restates facts that were included in the Complaint and summarizes the August Order.

Construing the motion liberally, to the extent that Plaintiff argues that the Court misconstrued the facts, this purported "error," does not impact the analysis or the holdings in the prior Order. While Plaintiff disagrees with the prior Order regarding the sufficiency of his claims, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g.*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, Plaintiff's motion for reconsideration, (Dkt. No.5), is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motion for reconsideration (Dkt. No. 5) is **DENIED**; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

September 28, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge