**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WALTER J. ROACHE,

                                                        Plaintiff,

    v.                                                                                        9:18-CV-825
                                                                                              (GLS/ATB)

BRIAN FISHER, et al.,

                                                   Defendants.

WALTER J. ROACHE, Plaintiff, pro se
MATTHEW P. REED, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

**REPORT-RECOMMENDATION**

This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, Senior United States District Judge. Plaintiff's surviving causes of action in this civil rights complaint involve defendants' alleged failure to timely provide plaintiff with copies of his treatment and rehabilitation records, violating plaintiff's First and Fourteenth Amendment rights. (Dkt. No. 1). Plaintiff alleges that he required these records to prepare his defense for the trial and hearing held to determine plaintiff's civil management status under Article 10 of the New York Mental Hygiene Law. (*Id.*).

Presently before the court is defendants' Brian Fischer, Anne Marie T. Sullivan, and Jeffrey Nowicki's motion for partial dismissal. (Dkt. No. 19). Plaintiff has responded in opposition to the motion. (Dkt. No. 27). For the following reasons, this court recommends granting the pending motion. This court further recommends the sua sponte dismissal of plaintiff's causes of action as against defendant Susan Connell.

## I. Procedural History

The court will review the procedural history in this action in order to clarify the recommendation below. Plaintiff filed his complaint on July 16, 2018. (Dkt. No. 1). At the same time, plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2). On August 16, 2018, Judge Sharpe issued an order in which he granted plaintiff's motion for IFP, severed and transferred certain claims to the Southern District of New York, dismissed certain claims without prejudice, and ordered that a response to the complaint be filed by the remaining defendants.[1] (Dkt. No. 3 at 14-16).

On October 19, 2018, the Assistant Attorney General's office filed a notice of appearance on behalf of defendants Brian Fischer, Sal Licari, Jeffrey Nowicki, Chad Powell, and Anne Marie T. Sullivan. (Dkt. No. 8). At the same time, defendants requested, by letter motion, an extension of time to answer until November 26, 2018, which extension request this court granted via text order. (Dkt. Nos. 9,10).

On November 15, 2018, plaintiff filed a document labeled "Amended Complaint As Ordered By The Court." (Amended Complaint) (Dkt. No. 13). On November 26, 2018, the Court issued an order staying defendants' time to respond to the original complaint pending review of plaintiff's Amended Complaint. (Dkt. No. 15). In a December 17, 2018 decision and order, Judge Sharpe rejected the Amended Complaint and ordered that the July 16, 2018 complaint remain the operative pleading. (Dkt. No. 16). Judge Sharpe also denied the Amended Complaint to the extent it could be

---

[1] On August 30, 2018, plaintiff filed a motion for reconsideration with respect to Judge Sharpe's August 18, 2018 order. (Dkt. No. 5). Judge Sharpe denied plaintiff's motion for reconsideration in a September 28, 2018 decision and order. (Dkt. No. 7).

construed as a motion for reconsideration of the August 16, 2018 order. (*Id.*) Based on Judge Sharpe's order, this court directed defendants to respond to the complaint by January 17, 2019. (Dkt. No. 17).

As a result of Judge Sharpe's various orders,[2] the following defendants and claims remain:

(1) First Amendment access-to-courts claim related to plaintiff's right to obtain his treatment and rehabilitation records for use in his defense at trial, against defendants DOCCS Commissioner Brian Fischer; Oneida Correctional Facility Superintendent Susan Connelly; Oneida Correctional Facility FOIL Officer John Doe; New York State Office of Mental Health Commissioner Anne Marie T. Sullivan; Director of CNYPC Jeffery Nowicki; CNYPC Program Director Sal Licari, and Administrative Assistant/FOIL Unit Chad Powell; and

(2) Fourteenth Amendment due process claim alleging plaintiff is illegally detained at CNYPC because he was not provided with his treatment and rehabilitation records for use in his defense at trial, against defendants Fischer, Connell, Doe, Sullivan, Nowicki, Licari, and Powell.

(Dkt. No. 3 at 14-15). Defendants filed their partial motion to dismiss on January 17, 2019.[3] (Dkt. No. 19). Defendants are requesting dismissal of the complaint in its entirety against defendants Fischer, Sullivan, and Nowicki. (Dkt. No. 19-1 at 1).

**I.** **Facts**

Judge Sharpe provided a "summary of the complaint" in his August 16, 2018

---

[2] On January 25, 2019, plaintiff filed a motion for reconsideration of Judge Sharpe's December 17, 2018 decision and order, arguing the court's refusal to accept his Amended Complaint was erroneous. (Dkt. No. 22). Defendants opposed the motion (Dkt. No. 26), and on March 4, 2019 Judge Sharpe denied plaintiff's motion in its entirety (Dkt. No. 29), preserving the surviving claims as set forth in Judge Sharpe's prior order (Dkt. No. 3).

[3] At the same time, Defendants filed an answer on behalf of Sal Licari and Chad Powell. (Dkt. No. 20).

3


decision and order. (Dkt. No. 3 at 4-7). This court assumes familiarity with that summary and will discuss below specific facts as necessary to address the defendants' motion to dismiss.

## II.     Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *(Id.)*. (citing *Bell Atl. Corp.*, 550 U.S. at 555).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the factual allegations as stated in the complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, and matters of which the court can take judicial notice. *Portillo v. Webb*, No. 16 Civ. 4731 (VEC/GWG), 2017 WL 4570374, at *1 (S.D.N.Y. Oct. 11, 2017) (quoting *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). A court may take judicial notice of a public record pursuant to Fed. R. Evid. 201(b). *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

**III.     Personal Involvement/Respondeat Superior**

    **A.     Legal Standard**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. (*Id*.). The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. (*Id*.). Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. (*Id*.). Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. (*Id*.). *See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some courts have discussed whether all of the *Colon* factors are still viable after *Ashcroft*. *See Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012)

(discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the factors outlined in *Colon*. (*Id.*). In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" (*Id.*). (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011)). *See also Jones v. Smith*, No. 09-CV-1058 (GLS/ATB), 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015) (discussing the use of the *Colon* factors absent definitive guidance from the Second Circuit).

    The failure of a supervisory official to investigate a letter of protest written by an inmate is insufficient to establish personal involvement. *Smart v. Goord*, 441 F. Supp. 2d 631, 642–643 (S.D.N.Y. 2006). Mere notice of alleged wrongdoing is insufficient to establish a supervisor's or administrator'[s] personal involvement. *Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350, 2008 WL 4276208, at *8 (S.D.N.Y. Sept. 17, 2008). While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . '[p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint.'" *Boddie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (quoting *Johnson v. Wright*, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002).

The Second Circuit has more recently cautioned against dismissing claims for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint. *Reeder v. Annucci,* No. 9:16-CV-1161 (MAD/DJS), 2018 WL 3121630, at *4 (N.D.N.Y. Jan. 19, 2018) (citing *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement).

B.   Application

### 1. Moving Defendants Fischer, Sullivan and Nowicki

At its core, plaintiff's claim against defendant Fischer is for the alleged transgressions of his subordinates. Plaintiff alleges that he wrote to defendant Fischer to "complain of the non-compliance of [DOCCS employees]" with respect to plaintiff's repeated, unfulfilled requests for records. (Dkt. No. 1 at 6). There is no indication that defendant Fischer received plaintiff's letters, much less took action with respect to them, on the face of the complaint. (Dkt. No. 1). Plaintiff claims that he never received a reply from defendant Fischer.[4] (Dkt. No. 1 at 12).

---

[4]Plaintiff did receive a response to his DOCCS record request from defendant Powell on December 10, 2013; however it appears defendant Powell's communication was in response to plaintiff's direct request to a section of DOCCS that handled Freedom of Information Law requests. (Dkt. No. 1 at 7). Nevertheless, even if plaintiff was alleging that defendant Fischer, or any other supervisory official, forwarded plaintiff's correspondence to defendant Powell for handling, that alone would not establish personal involvement. *See Jones v. Rock*, No. 9:12-CV-0447 (NAM/TWD), 2013 WL 4804500, at *16 (N.D.N.Y. Sept. 6, 2013) (citing *Liner v. Goord*,

7

Plaintiff raises similar factual allegations against defendant Sullivan, alleging that he wrote letters to the Commissioner of the Office of Mental Health ("OMH") to complain about the status of his written and verbal requests for records to various OMH and CNYPC representatives. (Dkt. No. 1 at 6). Plaintiff claims that he did not receive a written or oral response from his letters to defendant Sullivan.[5] (*Id.*).

Finally, defendant Nowicki is named in the complaint as the "Director, Central New York Psychiatric Center." ("CNYPC"). (Dkt. No. 1 at 4). Defendant Nowicki is not, however, specifically referenced anywhere in plaintiff's factual recitation.[6] (Dkt. No. 1 at 6-14). There is no indication that defendant Nowicki received, responded to, or otherwise took action with respect to a letter addressed to him from plaintiff.

The moving defendants are clearly supervisory officials, and plaintiff's alleged letters to these individuals were essentially complaints about DOCCS and OMH/CNYPC employees. Plaintiff does not reasonably contend that Fischer, Sullivan

---

310 F.Supp.2d 550, 555 (W.D.N.Y. 2004); *see also Woods v. Goord*, No. 01 Civ. 3255 (SAS), 2002 WL 731691, at *7(S.D.N.Y. April 23, 2002) (referring a letter requesting medical assistance to a lower ranking supervisor does not constitute personal involvement).

[5]Plaintiff alleges that there came a time that he "received notice that Central New York Psychiatric Center, Marcy, N.Y. program records had to be requested through HIMS facility department[,]" which prompted his eventual communications with defendant Licari. (Docket No. 1 at 9-11). There is no indication that the alleged "notice" was received from defendant Sullivan in response to plaintiff's letters.

[6]Plaintiff does state generally that "[A]ll request by plaintiff to commissioner, Central New York Psychiatric Center, director, all attorney notices, treatment team leader, e-mail, phone and personal communications for plaintiff at bar records "denied" with absolutely no written or oral response . . ." (Dkt. No. 1 at 6). Plaintiff also alleges that prior to his 2012 trial, he wrote to the CNYPC "business and program office" in his continued effort to obtain copies of his records. (Dkt. No. 1 at 8).

8

or Nowicki were personally responsible for providing, and neglected to provide, direct responses to his requests for records.  It is well settled that the defendants' position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement.  *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.")).

Furthermore, plaintiff fails to provide sufficient factual detail in his complaint to support his claim that the continuous letters he sent to the moving defendants establish personal involvement.  Plaintiff does not allege that he "sent the letters to the proper addresses by appropriate means, or that the [defendants] received the letters and read them, nor does he contend that the [defendants] personally took action to investigate his letters."  *Bennett v. Columbe*, No. 9:16-CV-653 (BKS/CFH), 2017 WL 6049238, at *4 (N.D.N.Y. Oct. 17, 2017) (quoting *Simpson v. Overbaugh*, 9-15-cv-180 (DNH/CFH), 2015 WL 7444369, at *5 (N.D.N.Y. Sept. 25, 2015) (other citations omitted).  Plaintiff's allegations regarding his communications with defendants Fischer[7] and Sullivan lack any significant detail, other than a fleeting reference that plaintiff "has

---

[7] As pointed out by defendants in their moving papers, defendant Fischer retired from his position as Commissioner of DOCCS in 2013. (Defendants' Memorandum of Law at p. 3).  Clearly, defendant Fischer could not be personally involved in any conduct relating to plaintiff after defendant Fischer's retirement, more than five years prior.  Even if plaintiff sufficiently amends his complaint to address the defects identified in this Report-Recommendation, this court recognizes that there may be a statute of limitations bar with respect to plaintiff's claim against defendant Fischer, based upon the totality of the evidence.

written" to their respective offices and received "absolutely no written or oral response." (Dkt. No. 1 at 6). *See Smart v. Goord,* 441 F.Supp.2d 631, 643 (S.D.N.Y. 2006) ("Commissioner . . . cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff]"). Further absent from the complaint is any detail of the alleged communications addressed to defendant Nowicki. Moreover, the complaint fails to establish any facts indicating the moving defendants were grossly negligent in performing their employment duties, or that they created a policy under which unconstitutional practices occurred. *See Colon,* 58 F.3d at 873 (citing *Williams,* 781 F.2d at 323-24)).

Plaintiff concedes that the moving defendants did not respond to his letters. (Dkt. No. 1 at 6, 8). Although the complaint and plaintiff's opposition to defendants' motion identify various actions taken by other, non-moving defendants with respect to plaintiff's requests for records, the pleadings contain no facts that make a plausible showing of personal involvement by Fischer, Sullivan or Nowicki in the alleged unconstitutional acts. Accordingly, defendants' partial motion to dismiss should be granted on this ground.

### 2. Non-Moving Defendant Susan Connell

28 U.S.C. § 1915 provides that, with respect to a plaintiff proceeding IFP, the court shall dismiss a case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted, or (iii)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii). To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In addition to the moving defendants, plaintiff also named Superintendent Susan Connell,[8] Department of Corrections, as a defendant in his complaint. (Dkt. No. 1 at 2). To date, service has yet to be affected on defendant Connell and as such she has not appeared in this case, nor is she represented by the Attorney General's office. (Dkt. No. 30). Nevertheless, pursuant to the court's right to review the complaint sua sponte under 28 U.S.C. § 1915, this court will recommend further dismissing the complaint as against defendant Connell, in light of plaintiff's failure to sufficiently allege her personal involvement in the alleged constitutional violations.

Defendant Connell was also a supervisory official within DOCCS – an insufficient basis to implicate her in plaintiff's § 1983 claim. *See Ayers,* 780 F.2d at 210. Plaintiff alleges that in 2014 he had "already began to telephone, and write to the Superintendent of Oneida Correctional Facility, Rome, N.Y. . . ." and requested copies of his records. (Dkt. 1 at 8). Plaintiff does not allege that defendant Connell ever

---

[8]Plaintiff initially identified defendant Connell as "Susan Connelly." (Dkt. No. 1 at 2). Upon return of the un-executed summons as to Susan Connelly (Dkt. No. 12), this court issued a text order directing summons be reissued as to "Susan Connell, Superintendent of Oneida Correctional Facility," the individual against whom it appeared plaintiff intended to pursue his Section 1983 claim. (Dkt. No. 18).

received his communications or that defendant Connell took any action with respect to his greivances; the complaint further lacks any indication that plaintiff received a reply from defendant Connell, or that plaintiff communicated with her directly. As such, plaintiff fails to provide the sufficient factual detail in his complaint to establish the personal involvement of defendant Connell. *Bennett,* 2017 WL 6049238, at *4 (quoting *Simpson,* 2015 WL 7444369, at *5). Accordingly, I recommend that the Court dismiss plaintiff's causes of action against defendant Connell sua sponte, with leave to amend as detailed below.

## V. <u>Opportunity to Amend</u>

### A. **Legal Standard**

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. Jan. 28, 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000). In *Cuoco*, the Second Circuit held that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint."

### B. **Application**

It is conceivable that better pleading may cure the defects in plaintiff's

complaint, however the court is cognizant of the fact that plaintiff has already attempted to amend his complaint, which submission was rejected by Judge Sharpe.[9] (Dkt. Nos. 13, 16). Nevertheless, taking into consideration the Second Circuit's cautionary dicta in *Grullon*, if the District Court adopts my recommendation to grant defendants' partial motion to dismiss, then I further recommend that dismissal of those claims be without prejudice to plaintiff amending his complaint solely to address the defects identified herein, within thirty (30) days of Judge Sharpe's order approving this Report-Recommendation.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' partial motion to dismiss (Dkt. No. 19) be **GRANTED** with respect to all claims against defendants Fischer, Sullivan and Nowicki, and it is further

**RECOMMENDED** that the Court sua sponte dismiss all claims as against defendant Connell, and it is further

**RECOMMENDED**, that such dismissal be **WITHOUT PREJUDICE** to plaintiff submitting a proposed amended complaint to address the defects identified in this Report-Recommendation within thirty (30) days of any order approving this

---

[9]In his December 17, 2018 decision and order, Judge Sharpe rejected plaintiff's Amended Complaint on the basis that it was incomplete and attempted to incorporate various allegations by reference to plaintiff's original complaint, in contravention of Local Rule 7.1(a)(4). (Dkt. No. 16 at 4). The Amended Complaint included "a caption but [did] not contain a list of parties, facts, causes of action, or any request for relief." (*Id*).

Report-Recommendation, and it is further

**RECOMMENDED,** that any proposed amended complaint be returned to me for initial review, and it is further

**RECOMMENDED,** that if plaintiff fails to file a proposed amended complaint or to ask for an extension of time to do so, that the complaint be dismissed with prejudice as against defendants Fischer, Sullivan, Nowicki, and Connell.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: April 12, 2019

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge