UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WALTER J. ROACHE,

                Plaintiff,

      v.                                                       9:18-CV-0825
                                                                    (GLS/ATB)

BRIAN FISCHER et al.,

                Defendant(s).

---

APPEARANCES:

WALTER J. ROACHE
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

HON. LETITIA JAMES                      CHRISTOPHER LIBERATI-CONANT
New York State Attorney General        Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Walter Roache commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims related to his confinement in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and the New York State Office of Mental Health (OMH). Dkt. No. 1 ("Compl.").

### II. PROCEDURAL HISTORY

In a Decision and Order filed on August 16, 2018 (the "August Order"), the Court

reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 3. Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the Court severed and transferred claims that arose at Fishkill Correctional Facility ("Fishkill C.F.") against defendants Superintendent William Connell and Fishkill C.F. FOIL Officer John Doe to the Southern District of New York. *Id.* at 7-9. The Court reviewed the remaining allegations and directed defendants Commissioner Brian Fischer, Superintendent Susan Connell (hereinafter "Connell"), Oneida Correctional Facility FOIL Officer John Doe, FOIL Officer Chad Powell, Commissioner Anne Marie T. Sullivan, Director Jeffery Nowicki, and Program Director Sal Licari to respond to the following claims: (1) First Amendment access-to-the-courts claims related to the 2015 jury trial; and (2) due process claims. *Id.*

On January 17, 2019, Defendants Fischer, Sullivan, and Nowicki moved for partial dismissal the Complaint.[1] Dkt. No. 19. On September 2, 2014, United States Magistrate Judge Andrew T. Baxter recommended that the Court grant Defendants' motion to dismiss with leave to amend. Dkt. No. 32. Specifically, Judge Baxter found that the Complaint failed to allege facts plausibly suggesting that Defendants were personally involved in the alleged unconstitutional acts. *Id*. at 10. Applying the same reasoning, Judge Baxter also recommended that Plaintiff's claims against Connell be sua sponte dismissed. *Id*. at 12. Judge Baxter recommended that Plaintiff be granted leave to amend the Complaint "solely to address the defects identified [in the Report-Recommendation]." *Id.* at 12- 13.

On May 13, 2019, the Court adopted the Report-Recommendation. Dkt. No. 33 (the "May Order"). The matter is now before the Court for initial screening of Plaintiff's Amended

---

[1] On January 17, 2019, Licari and Powell filed an Answer. Dkt. No. 20. Connell has not been served with the Complaint. Dkt. Nos. 12, 30.

2

Complaint. Dkt. No. 42.

## III. SUMMARY OF THE AMENDED COMPLAINT

The factual recitation set forth in the Amended Complaint is substantially similar to what was set forth in the original Complaint. *Compare* Compl., *with* Am. Compl. Plaintiff asserts new factual allegations related to the supervisory defendants.

In 2009, Plaintiff attended a court proceeding held pursuant to New York Mental Hygiene Law (MHL) Article 10, in Supreme Court in Orange County. Am. Compl. at 1. During the proceeding, Plaintiff's assigned counsel had a "one page" parole data sheet with factual information related to Plaintiff's confinement; i.e., arrest date, sentencing, and release date. *Id*. The attorney did not have any information with respect to Plaintiff's institutional, vocational, educational, and therapeutic records. *Id*. At the conclusion of the hearing, the Court ruled that Plaintiff was a Level III Sex Offender. *Id*. at 2.

While confined at Orange County Correctional Facility,[2] Plaintiff wrote to Connell and informed her that his "assigned defense attorney" did not have his program records and that, as a result, Plaintiff "lost" the hearing.[3] Am. Compl. at 2. Connell responded and told Plaintiff to write to the Record Department, Building #2, and request copies of his program records. *Id*. Plaintiff wrote to the Record Department and was told that "Building #2 was not a[n] active record department." *Id.*

When Plaintiff returned to Oneida Correctional Facility ("Oneida C.F."), he wrote to

---

[2] Plaintiff was confined at Orange County C.F. after he attended the proceeding in Supreme Court. Am. Compl. at 2.

[3] Plaintiff wrote to Connell at Oneida C.F., 6100 School Road, Rome, New York 13442. Am. Compl. at 9.

3

Connell and advised her that he received a response from the Record Department. Am. Compl. at 2. Connell responded and directed Plaintiff to seek assistance from a clerk at the law library. *Id*. Plaintiff went to the law library and asked how he could obtain his program records including, "twenty-seven satisfactory completed degrees," teaching certificates, plumbing certificates, parole assessments, and evidence of completion of Alcohol Substance Abuse Treatment, and Aggressive and Sexual Behavior Management, and programs related to Assailant and Victim Relationships. *Id*. Plaintiff was advised to write to the Freedom of Information Law (FOIL) Department. *Id*. at 3. Plaintiff wrote to Connell asking for assistance, and Connell reiterated that he should contact the FOIL Department. Am. Compl. at 3. Connell did not know the identity of the FOIL officer.[4] *Id*. At Connell's direction, Plaintiff "repeatedly wrote" to Oneida C.F. FOIL Officer Doe. *Id*.

Plaintiff forwarded his FOIL and Freedom on Information Act (FOIA) requests for his institutional, educational, vocations, and therapeutic records, and "twenty-seven additional program certificates" to Fischer.[5] Am. Compl. at 3. Fischer responded and advised that Plaintiff's correspondence was forwarded to the "FOIL Department - Unit." *Id*. Plaintiff wrote to Fischer and thanked him for the response and asked for the address where his request had been forwarded. *Id*. Fischer responded with the address[6] and Plaintiff wrote a letter to the "FOIL - Department" stating that he "lost" his prior hearings due to the fact that he did not

---

[4] Plaintiff claims that all of his correspondence with Connell is maintained in her office in "file folders" bearing his name. Am. Compl. at 3.

[5] Plaintiff wrote to Fischer at DOCCS, Harriman State Campus, Building #2, Washington Avenue, Albany, New York 12226. Am. Compl. at 3.

[6] Fischer forwarded Plaintiff's correspondence to the law department at DOCCS, Harriman State Campus, Building #2, Washington Avenue, Albany, New York 12226. Am. Compl. at 3.

4

have any of his program records. *Id*.

In April 2010, Plaintiff was transferred to the Central New York Psychiatric Center (CNY PC). Am. Compl. at 17. While at CNY PC, Plaintiff participated in clinical, therapeutic, education, and vocational programs. *Id*. at 17-18. In 2012, preparation for an appeal and "jury trial," Plaintiff wrote to Nowicki to obtain his records. *Id*. at 18, 21, 25. Nowicki responded and directed Plaintiff to write to the Unit 404 Treatment Team Leader to obtain his CNY PC Point Scoring Program Records. *Id*. Plaintiff wrote to the Team Leader, but received a response directing him to write to Nowicki and Risk Management. Am. Compl. at 18, 25. Risk Management told Plaintiff to write to the Treatment Team Committee. *Id*. at 25. Plaintiff contends that "this back of forth" continued until 2013. *Id*. at 18. Finally, Plaintiff wrote to the Director of the Health Information Management Department (HIM). *Id*. at 26.

On December 10, 2013, Plaintiff received a response from Powell, an Administrative Assistant in the FOIL Unit. Am. Compl. at 3, 36. Powell informed Plaintiff that "369 pages of information" was available and, upon receipt of payment, the documents would be forwarded." *Id.* at 41. Plaintiff and Powell spoke "about a half dozen times or more about Plaintiff's multiple FOIL and FOIA letters to Mr. Brian Fischer and to Mr. Chad Powell, and [the] Orange County Supreme Court subpoena." *Id*. at 5.

On May 6, 2016, Plaintiff received a response from an HIM administrative aid, T. Fazio, acknowledging his request and directing him to submit a disbursement form and payment to receive program records from January 2014 to April 8, 2016. Am. Compl. at 26, 40. Fazio advised that, "[p]rior to January 2014, program schedules were not part of the URC/CNYPC record and cannot be approved for copies. Please request those program

5

schedules prior to January 28, 2014 through S. Licari of CNYPC." *Id*.

Plaintiff submitted several FOIL and FOIA requests and wrote letters to Nowicki and Licari seeking his records from April 2010 through January 2014. Am. Compl. at 18-19, 21, 26.

Plaintiff wrote to Sullivan explaining that he wrote several letters to Nowicki and other officials with FOIA and FOIL requests for program records prior to January 2014, to no avail.[7] Am. Compl. at 26. Plaintiff attached Fazio's letter to his correspondence to Sullivan. *Id.* at 27. Plaintiff received a response from Donna Hall, on behalf of Sullivan, advising that Plaintiff must resolve the matter at the "facility level" before the Commissioner could review and respond.[8] *Id.*

## III. ANALYSIS[9]

### A. Previous Claims

As a result of the review of the original Complaint and various orders, the Court directed Oneida C.F. FOIL Officer Doe, Licari, and Powell to respond to the following: (1) First Amendment access-to-courts claim related to Plaintiff's right to obtain his treatment and rehabilitation records for use in his defense at trial; and (2) Fourteenth Amendment due process claim alleging Plaintiff is illegally detained at CNY PC because he was not provided with his treatment and rehabilitation records for use in his defense at trial. *See* Dkt. No. 32 at

---

[7] Plaintiff forwarded his letter to Sullivan at 44 Holland Avenue, Albany, New York. Am. Compl. at 27.

[8] Plaintiff claims that Sullivan maintains a file folder in her office with all correspondence. Am. Compl. at 31.

[9] The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August Order and it will not be restated in this Decision and Order. *See* Dkt. No. 3 at 2-3.

6

3. These claims are repeated and realleged in the Amended Complaint, and thus, survive review as well.[10]

### B. Claims Against Connell, Nowicki, Fischer, and Sullivan

The law related to personal involvement and supervisory officials was discussed at length in the Report-Recommendation and will not be restated herein. *See* Dkt. No. 32 at 5-7.

In the May Order, the Court dismissed Plaintiff's claims against Fischer, Sullivan, and Connell finding that although Plaintiff wrote letters to Defendants and did not receive a response, the Complaint lacked facts suggesting that Defendants received the letters (communications) or took any action with respect to them. Dkt. No. 32 at 7-8, 12. With respect to Nowicki, the Court found that Nowicki was not "specifically referenced anywhere in plaintiff's factual recitation [. . . ] [t]here is no indication that defendant Nowicki received, responded, or otherwise took action with respect to a letter addressed to him from plaintiff." *Id*. at 8.

Here, the Amended Complaint contains sufficient facts suggesting that Connell and Nowicki were personally involved in the alleged First and Fourteenth Amendment violations through Plaintiff's various letters and Defendants' responses. *See* Am. Compl. at 7-12, 18, 21, 26. At this juncture, the Court finds that Plaintiff's claims against Connell and Nowicki survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for

---

[10] If Plaintiff wishes to pursue his claims against Oneida C.F. FOIL Officer Doe, he must take reasonable steps to ascertain through discovery the identity of this individual. Upon learning the identity of the unnamed defendant, Plaintiff must amend the operative pleading to properly name the individual as a party. If Plaintiff fails to ascertain the identity of the John Doe defendant so as to permit timely service of process, all claims against the individual will be dismissed.

7

summary judgment.

A different conclusion is reached, however, with respect to Fischer and Sullivan. "It is within the purview of a superior officer to delegate responsibility to others." *Scott v. Koenigsmann*, 2016 WL 1057051, at *7 (N.D.N.Y. Mar. 14, 2016). Courts in this District have held that letters to supervisors and his responses (via subordinates) do not satisfy the personal involvement requirement. *See Hamilton v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 918CV1312, 2019 WL 2352981, at *8 (N.D.N.Y. June 4, 2019) (collecting cases).

Here, without more, the fact that Fischer and Sullivan referred Plaintiff's letters to others for response, is not sufficient to establish Defendants' personal involvement. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (a supervisor's referral of a prisoner's letter of complaint to a subordinate for review, and a later response to the prisoners to advise him of the subordinate's decision did not demonstrate the requisite personal involvement on the part of the supervisory prison official); *Vega v. Artus*, 610 F.Supp.2d 185, 199 n.13 (N.D.N.Y. 2009) ("Prison supervisors are entitled to refer letters of complaint to subordinates, and rely on those subordinates to conduct an appropriate investigation and response, without rendering the supervisors personally involved in the constitutional violations alleged in the letters of complaint.").[11]

Thus, Plaintiff's claims against Fischer and Sullivan are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief

---

[11] To the extent that Plaintiff attempts to advance a cause of action claiming that Sullivan violated his constitutional rights claims when she denied him a "Commissioner's Review" pursuant to 7 NYCRR § 1900.4(m), (*see* Am. Compl. at 29), that claim is subject to dismissal. *See McAllister v. Call*, No. 9:10-CV-610, 2014 WL 5475293, at *11 (N.D.N.Y. Oct. 29, 2014) ("A section 1983 claim is not the 'appropriate forum' in which to seek review of a violation of a prison regulation.").

8

may be granted.

## IV. SERVICE UPON CONNELL

The Court must address the issue of service on Connell. Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within sixty days of the filing of the complaint. *See* N.D.N.Y. L.R. 4.1(b). Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative after notice to the plaintiff, to dismiss the case without prejudice as to that defendant. *See* Fed. R. Civ. P. 4(m).

Where, as here, a plaintiff has been authorized by the Court to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the United States Marshals Service is appointed to effect service of process of the summons and complaint on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis ] cases."). Thus, once a plaintiff has identified the defendants, the Marshals Service must undertake to locate them and accomplish the service. The Marshals Service is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, the Marshals Service must make multiple attempts at service. *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge Marshals Service's request for waiver under Rule 4(d), the Marshals Service must effect personal service under Rule 4(e)); *accord Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y.1996); *see also* N.D.N.Y.L.R. 5.1(h) (Marshals Service is obligated to make personal service at plaintiff's request if no acknowledgment is filed with the court).

On August 20, 2018, the Clerk of the Court issued a summons to Connell. Dkt. No. 4. On November 2, 2018, the summons for Connell was returned "unexecuted." Dkt. No. 12. On February 6, 2019, the Clerk reissued a summons to Connell. Dkt. No. 25. On March 28, 2019, the summons was returned "unexecuted." Dkt. No. 30. To date, Connell has not been served.

Under *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir.1997), a pro se litigant is entitled to assistance from the district court in identifying a defendant for service of process. Although the Amended Complaint provides the name of the defendant, the Marshals Service has been unsuccessful in its attempts to effectuate service. To complicate matters, Plaintiff is no longer incarcerated at Oneida C.F. Accordingly, the Court instructs the Attorney General's Office to advise the Court whether it is representing Connell and, if so, whether Connell waives service of summons. If the Attorney General's Office is not representing Connell or if the defendant declines to waive service, the Court instructs the Attorney General's Office to provide an address where the defendant can currently be served.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 42) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) First Amendment access-to-courts claim against Oneida C.F. FOIL Officer John Doe, Licari, Powell, Connell, and Nowicki; and (2) Fourteenth Amendment due process claims against Oneida C.F. FOIL Officer John Doe, Licari, Powell, Connell, and Nowicki; and it is further

10

**ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted[12]; and it is further

**ORDERED** that Fischer and Sullivan are **DISMISSED** as defendants herein; and it is further

**ORDERED** that Defendants shall file a response to the Amended Complaint within **thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Oneida C.F. FOIL Officer Doe. **Plaintiff's failure to timely serve this defendant will result in dismissal** of the claims asserted against him and termination of the defendant from the action; and it is further

**ORDERED** that the Attorney General's Office shall, within thirty (30) days of the filing date of this Order, advise the Court of whether it is representing Connell and, if so, whether Connell consents to waiver of service. If the Attorney General's Office is not representing Connell or Connell does not consent to waiver of service, the Attorney General's Office shall provide the Court with the information specified above, within thirty (30) days of the filing date of this Order. The information should be sent to the Clerk of the Court for the Northern

---

[12] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record.  Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

December 13, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge