UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER J. ROACHE,

               Plaintiff,

           v.

SUSAN CONNELL et al.,

               Defendants.
_____

9:18-cv-825
(GLS/ATB)

## SUMMARY ORDER

Plaintiff *pro se* Walter J. Roache commenced this civil rights action against defendants Susan Connell, Chad Powell, Jeffrey Nowicki, Sal Licari, and other parties that have since been dismissed.[1] (Am. Compl., Dkt. No. 42.) After initial review and the resolution of a previously-filed motion to dismiss, Roache has two surviving claims: (1) a First Amendment denial of access to the courts claim and (2) a Fourteenth Amendment due process claim. (*Id.*; Dkt. Nos. 3, 33, 47.) Both of Roache's claims revolve around defendants' alleged failure to provide him with copies of treatment and rehabilitation records that he allegedly needed to prepare his defense

---

[1] Defendant John Doe has yet to be identified by Roache, and, thus, is hereby dismissed from the action. *See* Fed. R. Civ. P. 4(m) (providing that, absent a showing of "good cause," dismissal of claims against a defendant who is not served within ninety days of the filing of the complaint is appropriate).

for the trial and hearings that were held to determine his civil management status under Article 10 of the New York Mental Hygiene Law. (*See generally* Am. Compl.) Now pending is defendants' motion for judgment on the pleadings. (Dkt. No. 66.)

On February 8, 2021, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation (R&R), which recommends that defendants' motion for judgment on the pleadings, (Dkt. No. 66), be granted and that Roache's amended complaint be dismissed. (Dkt. No. 75.) Roache filed timely objections to the R&R. (Dkt. No. 78.) For the reasons that follow, the R&R is adopted in its entirety, defendants' motion for judgment on the pleadings is granted, and Roache's amended complaint is dismissed.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of

2

the magistrate judge for clear error.  *See id.* at *5.

Judge Baxter recommends dismissal of Roache's amended complaint because, among other reasons, he "cannot show that the defendants['] failure to 'produce' his requested documents prevented him from bringing or pursuing the various challenges to his [sex offender] status" or "dangerousness determination," and he "had the opportunity to be heard several times regarding his claims."  (*See generally* Dkt. No. 75.)

Roache's objections to the R&R either raise new arguments and factual assertions not presented to Judge Baxter in the initial briefing, rehash arguments previously presented to, and rejected by, Judge Baxter and the court, or constitute a misapprehension of the law and the procedural posture of the case.[2]  (*See generally* Dkt. No. 78.)  Accordingly his objections invoke review only for clear error.  *See Smurphat v. Hobb*, No. 8:19-CV-804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) ("[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by

---

[2] For example, Roache discusses at length claims that were previously dismissed from this action, and attempts to re-litigate issues that were presented to, and rejected by, Judge Baxter and the court in previous phases of this litigation.  (*See generally* Dkt. No. 78.)

3

those arguments to only a *clear error* review." (citations omited)); *Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all." (citations omitted)).

The court has carefully considered the R&R, and finds no clear error in Judge Baxter's thorough analysis, which squarely addresses Roache's arguments and provides multiple, appropriate reasons for granting defendants' motion for judgment on the pleadings and dismissing Roache's amended complaint. Accordingly, the R&R is adopted in its entirety.[3]

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 75) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for judgment on the pleadings (Dkt. No. 66) is **GRANTED**; and it is further

**ORDERED** that Roache's amended complaint (Dkt. No. 42) is

---

[3] In his objections, Roache argues that the allegations in his amended complaint satisfy the four elements of backward-looking access to courts claims. (Dkt. No. 78 at 16-18.) To the extent that this argument can be considered a specific objection given that defendants did not expressly discuss these elements in their brief, (*see generally* Dkt. No. 66, Attach. 1), the court, in an abundance of caution, has conducted a *de novo* review, and adopts the findings in the R&R for the reasons stated therein, (Dkt. No. 75 at 17-20).

**DISMISSED**; and it is further

   **ORDERED** that the Clerk close this case; and it is further

   **ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

May 13, 2021
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge